UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEAN MICHAEL TILLER                                                  CIVIL ACTION

VERSUS                                                               NO. 25-1658

CAPITAL ONE                                                          SECTION M (5)

### ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Capital One, National Association ("Capital One").[1] Plaintiff Sean Michael Tiller responds in opposition,[2] and Capital One replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Tiller's complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. However, Tiller is granted leave to file, within fourteen (14) days of the date that this Order is issued, an amended complaint that complies with Rule 8.

### I.   BACKGROUND

This case involves employment discrimination. Tiller, who is proceeding *pro se*, initiated this action against Capital One, his former employer, by filing a form titled "complaint for employment discrimination."[4] On the form, Tiller checked a box indicating that he is bringing an employment discrimination claim against Capital One under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117.[5] In the "statement of claim" section of the form, Tiller

---

[1] R. Doc. 8.
[2] R. Doc. 12.
[3] R. Doc. 13.
[4] R. Doc. 1.
[5] *Id.* at 3.

checked boxes indicating that the discriminatory conduct about which he complains includes termination of his employment, retaliation, and harassment that occurred from October 2023 to December 2023 as a result of his disability, which is stated to be epilepsy.[6] The form instructs a plaintiff utilizing it to "[w]rite a short and plain statement of the claim," including facts, with the dates and places of the alleged discriminatory conduct, showing that: (1) the plaintiff is entitled to the damages or other relief, (2) how each defendant was involved, and (3) what each defendant did that harmed the plaintiff.[7] Tiller did not include any such statement.[8] Tiller says that he exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission on July 5, 2024, and received a right to sue letter on May 21, 2025.[9] Tiller does not describe what damages or relief he seeks.[10]

## II.  PENDING MOTION

Capital One filed the instant motion to dismiss, arguing that Tiller's bare-bones complaint fails to satisfy the pleading requirements of Rule 8 because it "does not include a single fact to support his allegations of unlawful treatment."[11] Capital One points out that Tiller "does not show how he is disabled, his ability to perform the essential functions of his job, the protected activity he participated in, what harassment he was subjected to, or the adverse employment action he suffered."[12] "Without such detail," Capital One says, "there is simply nothing for this Court to evaluate – or for [d]efendant to address in its answer."[13] Capital One asks that "Tiller be required to file an amended complaint addressing the deficiencies mentioned in this motion."[14]

---

[6] *Id.* at 4.
[7] *Id.*
[8] *See id.* at 1-6.
[9] *Id.* at 5.
[10] *Id.* at 5-6.
[11] R. Doc. 8-1 at 1-5 (quote at 2).
[12] *Id.* at 4.
[13] *Id.*
[14] *Id.* at 5.

In response, Tiller argues that he stated a valid claim for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.SC. § 2000e-17 because he "was qualified for [his] position, had a strong performance record, and was nonetheless disciplined and ultimately terminated," while "[s]imilarly situated employees outside of [his] protected class were not disciplined or terminated for the same conduct."[15] Tiller also says that he stated a valid retaliation claim because he "engaged in protected activity by reporting harassment and discrimination to management," and "[s]hortly thereafter, [Capital One] subjected [him] to heightened scrutiny, unwarranted discipline, and termination," with the "close temporal proximity" between the complaints and termination showing a "causal connection."[16] Next, Tiller avers that he was subjected to a hostile work environment due to "repeated harassment."[17] According to Tiller, Capital One has "failed to provide any credible evidence to support" its contention that Tiller's "termination was due to excessive absences unrelated to [his] disability."[18] He states that he has epilepsy and that his "termination occurred shortly after [he] engaged in protected activity by contacting Associate Relations to report harassment and discrimination."[19] Tiller then complains about what he deems to be inadequacies in the EEOC's investigation of his charge.[20] Finally, Tiller states that he has provided a letter confirming his treatment for his medical condition.[21]

Capital One replies, reasserting that Tiller's complaint does not state any facts to support his Title VII and ADA discrimination and retaliation claims.[22] Capital One contends that Tiller did not state a Title VII claim for discrimination or retaliation because he "fails to identify the

---

[15] R. Doc. 12 at 3.
[16] *Id.*
[17] *Id.* at 4.
[18] *Id.* at 5.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] R. Doc. 13 at 1-5.

3

specific protected class to which he belongs, the facts demonstrating that he was qualified for his position, that he experienced adverse treatment based on a protected characteristic, or any circumstances giving rise to an inference of discrimination."[23]  Similarly, Capital One contends that Tiller failed to plead an ADA claim for retaliation or discrimination because "he does not allege any facts demonstrating that he could perform the essential functions of his job with or without a reasonable accommodation or to suggest his disability was considered by Capital One."[24]  Further, Capital One argues that Tiller's purported hostile-work-environment claims, whether arising under Title VII or the ADA, must be dismissed with prejudice because he failed to exhaust his administrative remedies with the EEOC as to any such claims.[25]

### III.   LAW & ANALYSIS

#### A.  Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

---

[23] *Id.* at 3.
[24] *Id.* at 4-5.
[25] *Id.* at 5-9.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir.

5

2012)).  A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**B.  Analysis**

As noted, Tiller is proceeding *pro se*.  A court liberally construes a *pro se* party's filings and those filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quotation omitted).  Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and abide the substantive law.  *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (observing that a *pro se* plaintiff is not "exempt ... from compliance with the relevant rules of procedural and substantive law" (quotation omitted)).  "A court will squint at *pro se* filings to discern what may be there – but it will not see things that are not there."  *Brown v. Brown*, 2025 WL 1811326, at *3 (N.D. Tex. July 1, 2025) (citing *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs.")).

Even employing a liberal reading, Tiller's complaint fails to satisfy Rule 8 because it alleges absolutely no factual allegations to support the claims for which he checked boxes – namely, ADA claims of unlawful termination, retaliation, and harassment.[26]  "The ADA is a

---

[26] The complaint does not even mention a Title VII claim or a hostile-work-environment claim, both of which Tiller attempts to describe in his opposition. *See* R. Docs. 1; 12.  A complaint cannot be amended by means of an opposition to a motion to dismiss.  *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011).  Thus, the Court will not analyze whether the complaint sufficiently states such claims.  Nor will the Court take Capital One up on its invitation to dismiss with prejudice a hostile-work-environment claim that has not even been asserted.

federal antidiscrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 161 (5th Cir. 1996). The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to ... discharge," among other things. 42 U.S.C. § 12112(a). To establish a *prima facie* claim of discrimination under the ADA, a plaintiff must prove that: (1) he has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (citing *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)). Tiller's complaint states that he has a disability (epilepsy) and that he was terminated. The complaint does not, however, allege any facts showing that Capital One knew of Tiller's disability or how he was qualified for the job. It does not even allege the nature of Tiller's job at Capital One or the circumstances of his termination. Thus, Tiller fails to adequately plead an ADA discrimination claim for unlawful termination.

The ADA also prohibits harassment due to disability. To plead a *prima facie* case of disability-based harassment, a plaintiff must allege that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his disability or disabilities; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) his employer knew or should have known of the harassment and failed to take prompt, remedial action. *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001). Again, Tiller's complaint does not state sufficient facts to support a disability-based harassment claim. There is no explanation of the harassment, how it was based on his disability,

how it affected a term, condition, or privilege of his employment, or that Capital One knew or should have known about it and failed to take prompt, remedial action.

Retaliation is also prohibited by the ADA. To state a claim of retaliation for reporting disability discrimination, a plaintiff must plead that: (1) he engaged in an activity protected by the ADA; (2) he suffered an adverse employment action; and (3) there exists a causal connection between the protected act and the adverse action. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588 (5th Cir. 2020). Tiller's complaint includes no facts to support such a claim. There is no explanation of what protected activity he undertook or how that led to his termination.

In sum, Tiller's complaint is completely devoid of the short and plain statement of the claim that Rule 8 requires to put the defendant on notice of the claim. The factual description need not be overly detailed, but there must be some description of the facts upon which the claims are based. Rule 15 of the Federal Rules of Civil Procedure allows a court to grant leave to amend "when justice so requires." The Fifth Circuit has recognized that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Considering this, the Court will allow Tiller one chance to file an amended complaint that alleges sufficient facts to state the claims he seeks to bring against Capital One in this litigation, whether they arise under the ADA, Title VII, or some other law.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Capital One's Rule 12(b)(6) motion to dismiss (R. Doc. 8) is GRANTED, and Tiller's claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Tiller is granted leave to file an amended complaint alleging facts to meet Rule 8's pleading requirements.  Any amended complaint shall be filed within fourteen (14) days from the date this Order is issued, and failure to timely file an amended complaint curing the noted deficiencies will lead to dismissal with prejudice.

New Orleans, Louisiana, this 13th day of November, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE