UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEAN MICHAEL TILLER            CIVIL ACTION

VERSUS            NO. 25-1658

CAPITAL ONE            SECTION M (5)

**ORDER & REASONS**

Before the Court is a motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Capital One, National Association ("Capital One").[1] Plaintiff Sean Michael Tiller responds in opposition,[2] and Capital One replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion because Tiller's amended complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

The present action arises out of Tiller's allegations against Capital One, his former employer, of discrimination, retaliation, and harassment.[4] Tiller, who is proceeding *pro se*, initiated this action against Capital One on August 7, 2025, by filing a form titled "complaint for employment discrimination," with certain boxes checked to indicate that Capital One's discriminatory conduct included termination of his employment, retaliation, and harassment.[5] The Court, after finding that "Tiller's complaint [was] completely devoid of the short and plain

---

[1] R. Doc. 21.
[2] R. Docs. 22 (Tiller's opposition); 23 (Tiller's amended opposition).
[3] R. Doc. 24.
[4] R. Doc. 15-1 at 1.
[5] R. Doc. 1 at 4.

statement of the claim that Rule 8 requires to put the defendant on notice of the claim," granted Capital One's motion to dismiss Tiller's complaint.[6] However, the Court said in its Order & Reasons that it would "allow Tiller one chance to file an amended complaint that alleges sufficient facts to state the claims he seeks to bring against Capital One in this litigation, whether they arise under the ADA [Americans with Disabilities Act], Title VII, or some other law."[7] It also instructed Tiller that such amended complaint was to be filed within 14 days of the issuance of the Court's Order & Reasons.[8] Then, on November 25, 2025, Tiller filed a document titled "motion to oppose dismissal of the case" and a memorandum in support.[9] After a review of the documents, the Court construed the filing as an amended complaint.[10]

Tiller's amended complaint "alleges discrimination, retaliation, and a hostile work environment" under the ADA.[11] It includes ten factual allegations, reproduced in full below:

1. Before I was hired, my previous manager and district manager were informed of my epilepsy during my interview.
2. I worked for Capital One and performed my job well.
3. I have epilepsy, a disability protected under the ADA.
4. Management and coworkers, including Mr. Gegenheimer and Ms. Retana, treated me differently than other employees.
5. I reported harassment and discrimination to Associate Relations and Human Resources.
6. After reporting, I was placed under increased scrutiny, written up, and later terminated.
7. Defendant claims I was terminated due to absences, but provided no proof, and those absences were related to my disability.
8. Capital One knew of my condition because Ms. Gibson, my former manager, informed them.

---

[6] R. Doc. 14 at 6-9 (quote at 8).
[7] *Id.* at 8.
[8] *Id.* at 9.
[9] R. Docs. 15 (motion to oppose dismissal of the case); 15-1 (memorandum in support).
[10] R. Doc. 16.
[11] R. Doc. 15-1 at 1.  Tiller's opposition to Capital One's motion mentions a failure-to-accommodate claim, R. Doc. 22 at 1, but his amended complaint states no such claim.  As this Court has once noted, a complaint cannot be amended by means of an opposition to a motion to dismiss. R. Doc. 14 at 6 (citing *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011)).  Thus, this Court will not consider any failure-to-accommodate claim.

2

      9. The EEOC [Equal Employment Opportunity Commission] investigation excluded my testimony and the witnesses I provided.
     10. I continue receiving medical care and submitted updated medical documentation.[12]

The amended complaint also includes an argument section, in which Tiller asserts that the factual allegations supporting his discrimination, retaliation, and hostile-work-environment claims are sufficient to withstand a motion to dismiss.[13] Tiller does not describe what damages or relief he seeks.

## II. PENDING MOTION

Capital One moved to dismiss Tiller's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). First, Capital One argues that Tiller's hostile-work-environment claim should be dismissed because he failed to exhaust his administrative remedies for that claim.[14] It says that Tiller's sole charge filed with the EEOC "does not allege sufficient facts to put the EEOC or Capital One on notice of such a claim" because there is no assertion in the body of the charge of pervasive or severe harassment.[15] Second, Capital One claims that Tiller's discrimination, retaliation, and hostile-work-environment claims should be dismissed because Tiller has not plausibly alleged those claims.[16] Even considering Tiller's *pro se* status, says Capital One, Tiller's complaint is insufficient to survive dismissal under Rule 12(b)(6), especially considering that Tiller has already been granted an opportunity to amend his complaint.[17]

Tiller filed an opposition and an amended opposition to Capital One's motion, both of which advance similar arguments.[18] In his oppositions, Tiller generally asserts that his *pro se*

---

[12] R. Doc. 15-1 at 1-2.
[13] *Id.* at 2.
[14] R. Doc. 21-1 at 5-6.
[15] *Id.* (quote at 5).
[16] *Id.* at 6-9.
[17] *Id.* at 9-10.
[18] R. Docs. 22 (opposition); 23 (amended opposition).

3

status means that his pleadings should be construed liberally when determining whether his amended complaint states a claim for relief.[19] He also advances two specific arguments. In response to Capital One's first argument, Tiller asserts that his judicial claims need not be confined to the precise wording of his EEOC charge, but can permissibly include all claims that could reasonably be expected to grow out of the investigation.[20] As a result, he says, he has satisfied the administrative exhaustion requirement because his hostile-work-environment claim is reasonably related to and grows directly out of the allegations contained in his EEOC charge.[21] Responding to Capital One's second argument, Tiller claims that Capital One "improperly ask[s] this Court to resolve factual disputes, weigh credibility, and assess the merits of [his] claims before discovery has occurred," which is an inappropriate inquiry at the Rule 12(b)(6) stage.[22] In the alternative, should this Court find his amended complaint fails to state a plausible claim for relief, Tiller requests leave to file a second amended complaint.[23]

In its reply, Capital One maintains its position that Tiller's hostile-work-environment claim should be dismissed for failure to exhaust administrative remedies because the factual scope of his EEOC charge is too narrow to support a hostile-work-environment claim.[24] Further, it submits that Tiller's opposition fails to substantively respond to Capital One's argument that the retaliation and harassment claims should be dismissed, and it reiterates its argument that Tiller's amended complaint fails to allege sufficient facts for his hostile-work-environment claim to survive dismissal.[25]

---

[19] R. Doc. 22 at 1.
[20] R. Docs. 22 at 2-3; 23 at 4.
[21] R. Docs. 22 at 2-3; 23 at 4.
[22] R. Doc. 23 at 4.
[23] *Id.* at 5.
[24] R. Doc. 24 at 3-7.
[25] *Id.* at 7-8.

4

### III. LAW & ANALYSIS

Capital One seeks to dismiss Tiller's amended complaint because each claim fails to satisfy Rule 8 and, alternatively, because he failed to exhausted the administrative remedies available in connection with his hostile-work-environment claim. As this Court will explain below, the claims in Tiller's amended complaint do not satisfy Rule 8. As a result, the Court need not reach the issue of whether Tiller exhausted his administrative remedies prior to instituting the present lawsuit.

#### A. Legal Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

B. Analysis

As noted, Tiller is proceeding *pro se*. A court liberally construes a *pro se* party's filings and those filings are held "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quotation omitted). Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and the substantive law. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (observing that a *pro se* plaintiff is not "exempt ... from compliance with the relevant rules of procedural and substantive law" (quotation omitted)). "A court will squint at *pro se* filings to discern what may be there – but it will not see things that are not there." *Brown v. Brown*, 2025 WL 1811326, at *3 (N.D. Tex. July 1, 2025) (citing *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851 (5th Cir. 2018) ("[T]here are limits on how far we will go to assist *pro se* plaintiffs.")).

The facts in Tiller's amended complaint, even construed liberally, again fail to satisfy Rule 8 because they are insufficient to support the claims he asserts – namely, claims for discrimination, retaliation, and a hostile work environment.[26] Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and as the Court will explain below, Tiller fails to meet this demand.

1. **Tiller fails to plausibly plead a hostile-work-environment claim under the ADA in his amended complaint.**

"The ADA is a federal antidiscrimination statute designed to remove barriers which prevent qualified individuals with disabilities from enjoying the same employment opportunities

---

[26] Tiller's argument that a conclusion about the plausibility of his factual allegations amounts to improperly resolving factual disputes, weighing credibility, and assessing the merits of his claims before discovery has occurred cannot prevail. There is no information in Tiller's complaint that creates any factual disputes, invites any credibility determinations, or asserts any claim with merits to assess.

7

that are available to persons without disabilities." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 161 (5th Cir. 1996). The ADA prohibits disability-based harassment. *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 233 (5th Cir. 2001). To plead a *prima facie* case of disability-based harassment, a plaintiff must allege that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his disability or disabilities; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) his employer knew or should have known of the harassment and failed to take prompt, remedial action. *Id.* at 235-36.

Tiller's amended complaint does not state sufficient facts to support a claim for disability-based harassment. Tiller states in his amended complaint that "I alleged a disability, that I was qualified for my job, that I was terminated, and that similarly-situated employees without disabilities were not terminated for the same conduct."[27] His amended complaint also alleges generally that he "experienced harassment, unfair treatment, and disability-related comments and conduct,"[28] and that "[m]anagement and coworkers, including Mr. Gegenheimer and Ms. Retana, treated me differently than other employees."[29] But these allegations – the only allegations in the amended complaint that might pertain to Tiller's hostile-work-environment claim – do not satisfy Rule 8. The allegations do not identify the specific conduct by Capital One or its employees which Tiller claims amounts to harassment, much less the severe or pervasive harassment the law requires. They do not explain how the harassment was based on his disability. They do not state that the alleged harassment affected a term, condition, or privilege of his employment. And they do not suggest that Capital One knew or should have known about any harassment and failed to

---

[27] R. Doc. 15-1 at 2.
[28] *Id.*
[29] *Id.* at 1.

8

take prompt, remedial action. As a result, Tiller does not state a plausible hostile-work-environment claim in his amended complaint.

### 2. Tiller fails to plausibly plead a discrimination claim under the ADA in his amended complaint.

The ADA also prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to ... discharge," among other things. 42 U.S.C. § 12112(a). To establish a *prima facie* claim of discrimination under the ADA, a plaintiff must prove that: (1) he has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (citing *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)).

The ADA discrimination claim in Tiller's amended complaint does not satisfy Rule 8. The amended complaint states that Tiller has a disability, epilepsy, and that Capital One knew of Tiller's disability. It also states that Tiller was terminated from his job at Capital One. However, the amended complaint is devoid of many of the same factual allegations that this Court noted were missing from Tiller's original complaint: the amended complaint does not allege any facts showing that Tiller was qualified for the job, the nature of Tiller's job at Capital One, or the circumstances of his termination.[30] Thus, Tiller has again failed to adequately plead an ADA discrimination claim.

---

[30] R. Doc. 14 at 7 (explaining that Tiller's complaint did not plausibly plead an ADA discrimination claim because it failed to "allege any facts showing that Capital One knew of Tiller's disability or how he was qualified for the job" and even failed to "allege the nature of Tiller's job at Capital One or the circumstances of his termination").

### 3. Tiller fails to plausibly plead a retaliation claim under the ADA in his amended complaint.

Retaliation is also prohibited by the ADA. To state a claim of retaliation for reporting disability discrimination, a plaintiff must plead that: (1) he engaged in an activity protected by the ADA; (2) he suffered an adverse employment action; and (3) there exists a causal connection between the protected act and the adverse action. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588 (5th Cir. 2020).

Tiller's amended complaint does not include sufficient factual allegations to support a claim for retaliation under the ADA. Tiller says in his amended complaint that he "reported harassment and discrimination to Associate Relations and Human Resources," and then "[a]fter reporting, [he] was placed under increased scrutiny, written up, and later terminated."[31] Like his original complaint, there is no explanation of what protected activity he undertook or how that led to his termination. Tiller's allegations amount to no more than "naked assertions devoid of further factual enhancement," which are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. To be sure, Tiller does not explain what he reported, to whom he made the report, or what conduct of his employer constituted the "increased scrutiny" under which he claims to have been placed. As a result, Tiller's retaliation claim does not satisfy Rule 8.

### C. Tiller's Request for Leave to File a Second Amended Complaint

The Court previously cautioned that it would "allow Tiller *one* chance to file an amended complaint that alleges sufficient facts to state the claims he seeks to bring against Capital One in this litigation, whether they arise under the ADA, Title VII, or some other law."[32] Tiller's amended complaint – his one chance at amendment – also fails to plead any claims that satisfy Rule 8. As

---

[31] R. Doc. 15-1 at 1.
[32] R. Doc. 14 at 8 (emphasis added).

a result, Tiller's request for leave to amend his complaint is denied, and his claims will be dismissed with prejudice.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Capital One's Rule 12(b)(6) motion to dismiss Tiller's amended complaint (R. Doc. 21) is GRANTED, and Tiller's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 5th day of February, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE